# SUPREME COURT.

WHITNEY and others agt. STEVENS and others.

Where actions for the foreclosure of several mortgages against a railroad company on their property are progressing in one judicial district, it is improper to allow another action brought in another district, asking for an injunction, receiver, &c., to compel the trustees of the several mortgages to take such legal proceedings as should be effectual to enable and cause the whole road to be exposed for sale at the same time, and to determine what property is covered by the securities, and what the respective interests of the bondholders under each mortgage are, &c.

To determine these questions in the last action, would be taking them from the tribunal that then had the legitimate possession of them.

*New -York Special Term, January,* 1858.

THIS is an action instituted in this district, for the purpose of disposing of certain questions involved in actions instituted in the eighth district, to foreclose two mortgages executed at different times and on different parts of their road, by the Buffalo and New-York City Railroad Company. The one mortgage was executed to secure $700,000 to Knapp, Smith and Dehor, as trustees, bearing date on the 1st of July, 1857, on that portion of the road between Attica and Hornellsville, containing about fifty-nine miles. The other was executed to secure $500,000, to John A. Stevens, as trustee, bearing date the 1st of November, 1852, on that portion of the road between Attica and Buffalo, containing about thirty-two miles. The last-mentioned portion of the road was not commenced when the first-mentioned mortgage was executed, nor were any lands purchased for its construction.

One principal object of this action also, is to compel the trustees of these several mortgages to take such legal proceedings as shall be effectual to enable and cause the Buffalo and New-York City Railroad to be exposed for sale together and at the same time.

EATON & DAVIS, *attorneys for plaintiffs.*
MANN & RODMAN, *attorneys for defendants.*

CLERKE, Justice. Without considering on this occasion the power or duty of the court in relation to the subjects discussed on this motion, or whether any proportion of the bondholders under these mortgages, without the actual concurrence of the whole, saying nothing of the decided opposition of many of them, can maintain an action of this description, it seems to me, that every relief and remedy to which the parties are entitled, can be obtained in the actions commenced for the foreclosure of the mortgages. The court, before whom these actions have been brought, can most appropriately determine what property is covered by these securities, what the respective interests of the bondholders under each mortgage are, what discretion it possesses to regulate the sale of the road, and if possessing any effectual for the purpose, whether it would be a proper exercise of that discretion, to order the sale of it as an entirety ?

To determine these questions in this action, would be taking them from the tribunal that has now legitimate possession of them, and would be an indirect method of reviewing the decisions of a co-ordinate branch of this court, which we have no right to do directly.

Motions for an injunction and a receiver, are therefore decided, with $10 costs.